# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DEREK GALLOP, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV416-187 |
| | ) | CR410-157 |
| ANDREW MANSUKHANI, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

The Court **VACATES** its July 29, 2016 Report and Recommendation, doc. 3, which advised dismissal of Derek Gallup, Jr.'s 28 U.S.C. § 2241 habeas petition because he failed to pay the filing fee. CV416-187, doc. 3. He in fact paid it but clerical error mis-directed that money to "to the special assessment fee in 4:10cr157-2" (August 11, 2016 docket entry), his criminal case. With his fee payment now properly docketed, the Court is ready to screen his § 2241 petition.

In 2009 this Court sentenced Gallop to 84 months upon his guilty-plea conviction for violating 18 U.S.C. § 1951 ("Interference with commerce by robbery"). CR410-157, doc. 68 at 1 (Judgment); *see also* doc. 67 ("Plea Agreement"). He filed his § 2241 petition in June, 2016.

CR416-187, doc. 1. In it he does not challenge his conviction, only the execution of his sentence: "Defendant, Derek Gallop, requests a correction of his sentence computation. As of now, his projected release date is December 18, 2018. He contests that this release date is incorrect and requests a correction to his sentence." Doc. 1 at 2. Proceeding *pro se*, Gallop furnishes the following prelude to his claim:

> According to Defendant's Affadavit of Truth, (Exhibit H) the attorney of record in Defendant's State case, Richard Darden, informed the Defendant that his State and Federal sentences would be run concurrently. Federal Attorney, Dennis O'Brien, incorrectly informed the Defendant that his State case would be dismissed. On March 9, 2011, Defendant signed a plea in federal court on the basis that O'Brien had told him that his State case had been dismissed.

Doc. 1 at 3.

While Gallop then asks for no specific relief, one may infer -- from the paperwork he's furnished showing his administrative appeal with the federal Bureau of Prisons (BOP) -- that he wants credit off his 84-month federal sentence for the time he spent in State custody, on *state* charges, before he entered federal prison. As the BOP's ruling explains, Georgia police arrested him in 2010 on drug and gun charges, after which he was indicted in this Court on robbery charges. Doc. 1 at 12. This Court's 84-month judgment (CR410-157, doc. 68 at 2) is silent about whether it

2

would run with any state sentence, but that's not surprising: The State court would not sentence him (to five years' imprisonment) until January 18, 2012. CV416-187, doc. 1 at 12. Yet, Gallop was in Georgia custody (and would later receive *state* prison time credit) from June 1, 2010 through October 8, 2012. *Id*. at 13. Gallop asked the BOP to credit that time toward his federal sentence. Id. at 7-10.

In its administrative ruling the BOP explained that his federal sentence did not commence running until Gallop "was received into primary federal custody on October 9, 2012." Doc. 1 at 13. Hence, it concluded, "[t]here is no error in the date your sentence commenced." *Id.* Nor do BOP policies "allow any time that has been credited against another sentence to be credited toward a federal sentence." *Id.* Again, Gallop illuminates *no* particular error in that analysis, but impliedly asks this Court to review that ruling. Doc. 1.

Gallop "has selected the right remedy, but not the right venue. To challenge a BOP sentence calculation is to challenge the *execution*, rather than *existence* of, a sentence." *Williams v. Rivera*, 2011 WL 7005735 at * 1 (S.D. Ga. Dec. 12, 2011) (emphasis original). His challenge to the execution of his sentence is thus properly considered under § 2241.

*Williams v. Pearson*, 197 F. App'x 872, 876 (11th Cir. 2006) ("[T]o the extent [petitioner's] claim is a challenge to the [BOP's] regulations themselves and the manner in which his sentence is being executed, § 2241 was the proper statute for bringing suit."), cited in *Williams v. Bryson*, 2015 WL 6406209 at * 1 (N.D. Ga. August 10, 2015).

But Gallop's proper § 2241 respondent is his "immediate physical custodian." *Rumsfeld v. Padilla*, 542 U.S. 426, 444-47 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). This Court does not have jurisdiction over the warden because the online Federal Prison Locator shows that Gallop is confined in a South Carolina federal prison. *See* attached print-outs. Accordingly, the Clerk shall re-route Gallop's $5 back "to the special assessment fee in 4:10cr157-2," then **TRANSFER** this case to the District of South Carolina. The Court has amended the caption to reflect that his warden is the proper respondent (the Clerk shall amend this docket's caption accordingly).

**SO ORDERED**, this  15th   day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

A-Z Topics  Site Map  FOIA

Search bop.gov

| Home | About Us | Inmates | Locations | Jobs | Business | Resources | Contact Us |

# Find an inmate.

Locate the whereabouts of a federal inmate incarcerated from 1982 to the present.

**Find By Number**  |  **Find By Name**

| First | Middle | Last | Race | Age | Sex |
|---|---|---|---|---|---|
| derek | | gallop | | | |

**1** Result for search **derek gallop**    🗑 Clear Form    [ Search ]

## DEREK JR GALLOP

Register Number: 16106-021

Age: 26
Race: Black
Sex: Male

Located at: Estill FCI

Release Date: 01/11/2019

**Related Links**

Facility Information
Call or email
Send mail/package
Send money
Visit
Voice a concern

About the inmate locator & record availability

About Us — About Our Agency, About Our Facilities, Historical Information, Statistics
Inmates — Find an Inmate, Communications, Custody & Care, Visiting, Voice a Concern
Locations — List of our Facilities, Map of our Locations, Search for a Facility
Jobs — Life at the BOP, Explore Opportunities, Current Openings, Our Hiring Process
Business — Acquisitions, Solicitations & Awards, Reentry Contracting
Resources — Policy & Forms, News Articles, Publications, Research & Reports
Resources For … — Victims & Witnesses, Employees, Former Inmates, Media Reps

Contact Us | FOIA | No FEAR Act | Privacy Policy | Information Quality | Website Feedback
USA.gov | Justice.gov | Open Government

https://www.bop.gov/inmateloc/ 1/1

| Home | About Us | Inmates | Locations | Jobs | Business | Resources | Contact Us |

# FCI ESTILL

A medium security federal correctional institution with an adjacent minimum security satellite camp.

100 PRISON ROAD
ESTILL, SC 29918

Email: EST/ExecAssistant@bop.gov
Phone: 803-625-4607
Fax:　 803-625-5635

Inmate Gender: Male Offenders
Population:　　**1,216 Total Inmates**
　　　　　　　　　949 Inmates at the FCI
　　　　　　　　　267 Inmates at the Camp
Judicial District: South Carolina
County:　　　　 HAMPTON
BOP Region:　　Southeast Region

**Visiting Information**
**How to send things here**
**Resources for sentenced inmates**
**Driving Directions**
**Job Vacancies**

## Visiting Information

### Visiting Overview
How to visit an inmate. This covers the basic fundamentals that apply to all of our facilities.

### Visiting Regulations
Official policy at FCI Estill that outlines the specific regulations and procedures for visiting an inmate at this facility.
　Also available in Spanish: Regulaciones de Visitas

### Resources for Media Representatives
Conditions under which qualified media representatives may visit institutions.

## Visiting Schedule

FCI Hours | Camp Hours

FCI General Visiting Hours*

| Day | Hours |
|---|---|
| Sun | 8:00 AM - 3:00 PM |
| Mon | |
| Tue | |
| Wed | |
| Thu | |
| Fri | 5:00 PM - 9:00 PM |
| Sat | 8:00 AM - 3:00 PM |